IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FELIPE GONZALEZ-COSS**                                                                                    **PETITIONER**

**v.**                                                                        **CIVIL ACTION NO.: 3:23-cv-2962-TSL-MTP**

**WARDEN C. HARRISON**                                                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Felipe Gonzalez-Coss's *pro se* Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the petition, the record, and applicable law, the undersigned recommends that the Petition [1] be DENIED.

## BACKGROUND

On March 22, 2022, Petitioner was convicted in the United States District Court for the Southern District of Texas for importing five kilograms or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1) and 18 U.S.C. § 2.[1] *See* [7-1] at 2. He was sentenced to 70 months, without a term of supervised release, in the custody of the Federal Bureau of Prisons ("BOP"). *Id*. Petitioner is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi; he is scheduled to be released on July 5, 2026. *Id*.

On September 27, 2023, Petitioner filed the instant Petition [1], challenging his sentence calculation. He argues that he is eligible to earn First Step Act[2] Time Credits towards his

---

[1] *See United States of America v. Felipe Gonzalez Coss*, Case No.: 7:21-CR-01608-001 (United States District Court Southern District of Texas).

[2] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete evidence-based recidivism reduction programs or productive activities. "A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." *Id*. at § 3632(d)(4)(A).

1

sentence and that the BOP has not been applying such credits that he has purportedly earned since his incarceration. [1] at 6-7. Respondent Warden C. Harrison ("Respondent") filed a Response in Opposition [7] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.

## ANALYSIS

Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the Federal BOP. *See Williams v. Willis,* 765 F. App'x 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x, 372 (5th Cir. 2008). While there are exceptions to the exhaustion requirement that may be available "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in extraordinary circumstances." *Fuller*, 11 F.3d at 62 (internal citations and quotations omitted); *see also Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *See Mayberry v. Pettiford*, 74 F. App'x, 299 (5th Cir. 2003) (citing *Fuller*, 11 F.3d at 62)).

Respondent, citing 28 C.F.R. § 542.13 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [7] at 2. The prisoner must first submit a Request for Administrative Remedy to the warden, and if unsatisfied with the warden's

response, the prisoner may then appeal to the Regional Director. The final step in the grievance process is an appeal to the BOP's Office of General Counsel.

Respondent argues that Petitioner has never filed an administrative remedy since being in BOP custody. *See* [7] at 3. In support, Respondent submitted a declaration of Amy Landers, a Paralegal Specialist for the Consolidated Legal Center at the Federal Correctional Complex in Yazoo City. *See* [7-1]. According to Landers, Petitioner has "filed no administrative remedies regarding his application of [First Step Act Time Credits]." *Id*. at 3. Respondent also attached as Exhibit C a document that states "NO REMEDY DATA EXISTS FOR THIS INMATE." [7-4].

Petitioner admits that he has not exhausted his administrative remedies. [1] at 7. However, he claims that the administrative process is not available to him, and any efforts to exhaust would be "futile." *Id*. As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with the agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Tinsley v. Withers*, 2021 WL 3394916, at *2 (S.D. Miss. July 9, 2021). Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process by filing his claim directly in federal court.

Additionally, Petitioner has failed to demonstrate that extraordinary circumstances excuse his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. Petitioner's vague and conclusory assertion that "the administrative remedy process is not available to the petitioner," *see* [1] at 7, does not meet the burden of demonstrating that administrative review would be patently futile. *See Thomas v. Williams*, 2022 WL 20596629, at *3 (D. Colo. Apr. 13, 2022)

("Conclusory allegations that administrative remedies are not available are insufficient to excuse a failure to exhaust."); *see also Melot v. Willis*, 2018 WL 11475524, at *5 (W.D. Tex. Feb. 21, 2018); *Delagado v. Julian*, 2018 WL 2689271, at *2 (S.D. Miss. June 5, 2018).

The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Ahmed v. Warden FCC Yazoo City Low*, 2023 WL 4473350, at *1 (S.D. Miss. July 11, 2023) (dismissing petition based on First Step Act credit for failing to exhaust claim with the BOP prior to filing federal habeas petition); *Qattoum v. Gillis*, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (same). As Petitioner has failed to properly exhaust his administrative remedies, his Petition [1] should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to

proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    This the 14th day of March, 2024.

                                                      s/Michael T. Parker
                                                      United States Magistrate Judge